[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant Annie Vickers challenges the sentence imposed by the trial court following her guilty pleas for receiving stolen property in violation of R.C. 2913.51(A) and theft from an elderly person in violation of R.C. 2913.02(A)(1). As to the first offense, Vickers, while working at a retirement community, took a check from a resident's checkbook. The victim noticed that a check was missing and called the bank to stop payment on it. When Vickers attempted to cash the check made out for $3,000, the bank called the victim. The second offense occurred when Vickers, posing as a volunteer at a retirement center, took a blank personal check from the purse of an elderly resident she had earlier befriended and successfully cashed it for $2,000. Vickers later called the bank to make arrangements to repay the bank for its loss.
 {¶ 3} In her sole assignment of error, Vickers contends that the trial court erred by imposing maximum, consecutive terms of incarceration without providing the statutorily-required findings. She agrees that the trial court "checked the boxes on the felony Sentencing Findings worksheet, uttered the `talismanic' word, and made various notations on the worksheet," but, according to Vickers, the trial court failed to explain why it made the findings that it did. Not so.
 {¶ 4} Maximum sentences are proper where a felony offender has committed the worst forms of the offense or poses the greatest likelihood of recidivism.[1] The trial court is required to give its reasons for selecting the maximum term.[2] The trial court determined that Vickers committed the worst forms of the offenses and posed the greatest likelihood of recidivism. Vickers argues that the record does not support these findings. Because only one of the findings are necessary to impose the maximum prison term for an offense, and the record supports the trial court's finding that Vickers poses the greatest likelihood of recidivism, we conclude that the imposition of maximum sentences was proper.
 {¶ 5} To support its recidivism finding, the trial court stated, that when Vickers committed the offenses, she was on post-release control supervision. It also stated that she had a history of 15 theft-related convictions and that she had had three prior commitments to Marysville Reformatory. We conclude that the trial court properly sentenced Vickers to the maximum term for each offense based on her likelihood of recidivism.
 {¶ 6} To impose consecutive sentences, a trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger she poses to the public. In addition it must find (1) when the offender committed the offenses, she was awaiting trial or sentencing or was under post-release control; (2) the harm caused by the offender was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from the offender's future crimes.[3] The trial court must give its reasons for its findings.[4] In this case, the trial court made the necessary findings and stated that Vickers's criminal history demonstrated a need to protect the public. It stated that she had an extensive criminal history as an adult, and that she had felony convictions for theft-related offenses in Kentucky, Toledo, Ohio, and in Hamilton County, Ohio. It also referred to her 15 prior felony convictions and three terms at Marysville Reformatory. The trial court properly imposed consecutive terms.
 {¶ 7} Vickers argues that the trial court failed to consider the existence of substantial grounds to mitigate Vickers's conduct. In particular, she argues that the trial court failed to consider her mental disorder, including a diagnosis of bipolar disorder, her low self-esteem, her low intelligence, and her troubled childhood. It is true that the trial court did not indicate on the felony-sentencing worksheet that there were mitigating circumstances under R.C. 2929.12(C)(4). But the transcript of the sentencing proceedings demonstrates that the trial court did listen to the information about Vickers's mental illness and childhood experiences. Unfortunately for Vickers, it concluded that because she previously had served time in Marysville Reformatory three times for virtually the same offenses crimes against the elderly and stealing — its duty to protect the public was paramount. We overrule Vickers's assignment.
 {¶ 8} Therefore, the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt, and Painter, JJ.
[1] R.C. 2929.14(C).
[2] R.C. 2929.19(B)(2).
[3] R.C. 2929.14(E)(4).
[4] R.C. 2929.19(B)(2)(c).